UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 655 FOOD EMPLOYERS JOINT PENSION PLAN, *et al.*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No: 4:23-cv-735-RHH |
| v. | ) ) | |
| TOPAZ RETAIL, LLC d/b/a IGA, ELSBERRY, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court[1] on Defendant Topaz Retail, LLC's Motion to Set Aside Entry of Default, and Motion for Extension of Time to Respond to Plaintiff's Complaint. (ECF No. 19.) Plaintiff filed a response. (ECF No. 21.) For the following reasons, the motion will be granted.

### *Background*

This action was filed on June 5, 2023 pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Plaintiffs United Food and Commercial Workers Union Local 655 Food Employers Joint Pension Plan (the "Pension Plan"), David Cook, Robert Spence, Levi Eddins, Mike Forte, David Bell, and Larry Hunt, in their representative capacities as trustees of the Pension Plan, sued Defendant Topaz Retail, LLC, d/b/a IGA, Elsberry. (ECF No. 1.) Plaintiffs allege that non-party Elias & Sons, LLC was a party to a collective bargaining

---

[1] The parties have consented to the exercise of authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 22.)

agreement with Plaintiffs and was required to contribute to the Pension Plan. Plaintiffs allege that Elias & Sons withdrew from the plan and had withdrawal liability, and Defendant is a successor to Elias & Sons and is responsible for the withdrawal liability. Plaintiffs seek the balance of Elias & Sons' withdrawal liability, liquidated damages, interest, and fees and costs.

Defendant Topaz Retail, LLC was served with summons and complaint on June 7, 2023. (ECF No. 15.) Defendant had twenty-one days to file an answer or otherwise defend but failed to do so. On June 30, 2023, a Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a) was entered against Defendant, and the company is in default. On July 1, 2023, counsel entered an appearance on behalf of Defendant and filed the instant motion to set aside the Clerk's Entry of Default. (ECF Nos. 18, 19, 20.)

## *Discussion*

An entry of default under Rule 55(a) will not automatically be set aside. Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default for good cause. The Eighth Circuit Court of Appeals has explained that when "examining whether good cause exists, a district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). Where a defaulting party does not show good cause for the default as required by Rule 55(c), however, a court does not abuse its discretion in declining to consider the meritoriousness of the party's defense or the potential prejudice to the plaintiff from setting aside the entry of default. *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 320 (8th Cir. 1997).

In applying this analysis, the Eighth Circuit "focus[es] heavily on the blameworthiness of the defaulting party." *Johnson*, 140 F.3d at 784. In so doing, Eighth Circuit "cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines. We have rarely, if ever, excused the former." *Id*. In contrast, the Eighth Circuit "has often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice." *Id*.

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." *Stephenson*, 524 F.3d at 914 (internal quotation marks and quoted case omitted). "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." *Id.* (cleaned up). With respect to the issue of prejudice, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." *Id.* at 915. "Setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (cleaned up).

The Court is also mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. *See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). "The entry of a default judgment should be a rare judicial act." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (cleaned up).

In the motion, Defendant asserts that its default is attributable to a good faith mistake. Defendant states its counsel became aware of the case on June 8, 2023, and then inadvertently

calendared the responsive pleading deadline for July 8, 2023, thirty days later. (ECF No. 20-2.) Plaintiff responds that "in light of the promptness in which defendant filed its motion to vacate following the Clerk's entry of default, Plaintiffs do not oppose Defendant's motion." (ECF No. 21.) Plaintiff then addresses the merits of the defenses raised by Defendant in its motion.

The Court finds that Defendant has made an adequate showing of good cause to set aside the entry of default under Rule 55(c). Under Eighth Circuit precedent, entries of default and even default judgments have been set aside in the face of more neglectful conduct than exists in this case. *See, e.g., Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001) (district court abused its discretion by refusing to grant relief from a default judgment where the defendant neglected to file an answer because of a recording error by its legal department); *Feeney v. AT & E, Inc.*, 472 F.3d 560 (8th Cir. 2006) (district court abused its discretion in refusing to set aside part of a judgment, where the defendant's claimed "excusable neglect" was that he had not checked his mail for two months, and therefore did not respond to plaintiffs' summary judgment motion); *Johnson*, 140 F.3d at 784–85 (district court abused its discretion in refusing to set aside a default that resulted from "poor communication" between the defendant, its attorney, and its insurer, despite the Eighth Circuit's finding that the defendant and its attorney acted "carelessly" and even exhibited a "cavalier approach" to the filing deadline). The Court also finds that there is no prejudice to Plaintiffs if the entry of default is set aside at this early stage of the case. The Court will grant Defendant's motion to set aside the Clerk's entry of default.

In its motion, Defendant also requests that it be granted twenty additional days to file a responsive pleading. In the time the motion has been pending, Defendant's requested extension time has passed. The Court will grant this request and give Defendant five additional days' time to file.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Topaz Retail, LLC's Motion to Set Aside Entry of Default, and Motion for Extension of Time to Respond to Plaintiff's Complaint is **GRANTED**. [ECF No. 19]

**IT IS FURTHER ORDERED** that Defendant shall file its responsive pleading no later than **July 31, 2023**.

Dated this 24th day of July, 2023.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE